A90A0753. OATES v. COFFEE COUNTY BOARD OF EDUCATION.
(400 SE2d 355)

POPE, Judge.

We granted this discretionary appeal to consider whether a tenured teacher employed pursuant to a school year contract at the beginning of the academic year, but who resigns during the year and then is re-employed during the same school year, must receive notice of non-renewal of that contract pursuant to OCGA § 20-2-211 (b).

The parties stipulate the following facts: Oates was employed by

the Coffee County Board of Education (Coffee County) for more than four years before the 1986-87 school year and had tenure pursuant to the Georgia Fair Dismissal Act (OCGA §§ 20-2-940—20-2-947). In May 1987, Oates and Coffee County entered into a contract employing Oates to teach during the 1987-88 school year. At that time, Oates held a T-4 teaching certificate in math, grades K through 12, that was valid only through August 31, 1987. Oates failed to pass the Teacher Certification Test and his teaching certificate was not renewed. Oates resigned on September 11, 1987. However, the 1987-88 school year began on August 24, 1987, and Oates was paid through August 31, 1987, even though he was not present at school during that time. In December 1987, Oates again took the Teacher Certification Test and was notified in February 1988 that he had passed. At that time, he was issued a new teaching certificate valid through August 31, 1993. Oates was hired by Coffee County for a vacancy at Coffee County Junior High School. Oates received no written notice by April 15, 1988 of non-renewal of that contract and Coffee County did not offer Oates a contract for the 1988-89 school year.

Oates filed a demand for a hearing with the Coffee County Board of Education and at the conclusion of that hearing, the local board upheld the decision regarding non-renewal. On appeal, without opinion, the State Board of Education reversed the local board. Coffee County then appealed that decision to superior court. The court reversed the decision of the State Board of Education, again without opinion. We then granted this discretionary appeal. *Held*:

We affirm the decision of the superior court. OCGA § 20-2-211 (a) requires teacher employment contracts to be in writing. OCGA § 20-2-211 (b) provides in pertinent part "each local governing board shall, by not later than April 15 of the current school year, tender a new contract for the ensuing school year to each teacher . . . certificated by the State Board of Education on the payroll of the local unit of administration at the beginning of the current school year, *except those who have resigned or who have been terminated,* or shall notify in writing *each such teacher . . .* of the intention of not renewing his or her contract for the ensuing school year. When such notice of intended termination has not been given by April 15, the employment of such teacher . . . shall be continued for the ensuing school year unless such employee has been removed in the manner as provided [by OCGA § 20-2-940]. . . ." (Emphasis supplied.)

Although Oates argues at length about tenure, we find that the issue of tenure is irrelevant to the issue of whether the local board was required to provide him with notice in this case. The plain language of OCGA § 20-2-211 (b) states that a local board is required by April 15 to renew the contract of a teacher or to notify a teacher of non-renewal, only if such teacher was certified by the State Board

and was employed by and on the payroll of the local board at the beginning of the school year and such teacher has not resigned or been terminated during the school year. The statute contemplates continuous employment under the same contract of employment. Those, such as Oates, who resign or are terminated are not covered by the provisions of OCGA § 20-2-211 (b). By definition, one who is employed under a contract later than the beginning of the school year is not entitled to notice of non-renewal.

Oates argues that this reading of the statute is unreasonable in that it means that a teacher who enjoyed tenure pursuant to OCGA § 20-2-942 (b) (1) loses it immediately upon his or her resignation. The significance of tenure is that a tenured teacher's contract may be non-renewed only for one of the reasons specified in OCGA § 20-2-940. The effect of resignation upon a tenured teacher is immediate loss of tenure rights. We do not find our reading of the statute unreasonable or strained. Rather, this result is demanded by the plain words of OCGA § 20-2-211 (b).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 29, 1990 —
REHEARING DENIED DECEMBER 13, 1990 — ■

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellant.
*Sidney L. Cottingham*, for appellee.
*Heard, Leverett & Phelps, E. Freeman Leverett*, amicus curiae.