A90A1747. GEORGIA SUBSEQUENT INJURY TRUST FUND v. ITT-RAYONIER, INC. et al.
(402 SE2d 54)

CARLEY, Judge.

The relevant facts in this workers' compensation case are as follows: In 1979, an employee of appellee-employer injured her back in an employment-related accident and appellee-insurer commenced the payment of workers' compensation benefits at what was the then-maximum rate of $110 per week. The employee eventually returned to work but, in March of 1983, she again injured her back in yet another employment-related accident. Although the maximum benefits for an employment-related accident had been raised to $135 per week, the employee was nevertheless afforded only $110 per week in benefits as if the condition of her original 1979 back injury had merely changed for the worse. In November of 1984, however, the employee sought a full $135 per week in benefits on the ground that she had suffered an entirely new and subsequent injury to her back in 1983 which was independently compensable at the then-applicable maximum rate. The employee's claim was controverted, but not on the basis that she had actually suffered a mere change-of-condition rather than a new and subsequent injury to her back in March of 1983. The

claim was controverted only on the basis that the one-year statute of limitation for filing a claim for a new and subsequent injury suffered in March of 1983 had otherwise run. In March of 1985, however, the employer and insurer did accept liability as to the independent compensability of the employee's March 1983 back injury and she began receiving $135 rather than $110 per week in benefits. It was not until April of 1985 that the employer and insurer filed notice of a claim for reimbursement from appellant-Subsequent Injury Trust Fund (Fund). The Fund denied this claim on the ground that it had been untimely filed. An Administrative Law Judge (ALJ) found that the claim for reimbursement had been untimely filed with the Fund and, upon its de novo review, the Full Board adopted the ALJ's award. On appeal to the superior court, however, the Full Board's award was reversed with direction that an award for reimbursement from the Fund be entered. The Fund sought and was granted leave to file a discretionary appeal from the superior court's order.

"An employer or insurer shall notify the administrator of the [F]und of any possible claim against the [F]und as soon as practicable, but in no event later than 78 calendar weeks following the injury *or* the payment of an amount equivalent to 78 weeks of income or death benefits, whichever occurs last." (Emphasis supplied.) OCGA § 34-9-362 (a). The employer and insurer seek reimbursement from the Fund for the payment of benefits for an injury that was suffered by the employee in March of 1983, which injury clearly occurred *more* than 78 calendar weeks before any notification was provided to the Fund in April of 1985. Accordingly, unless the April 1985 notification was provided to the Fund *before* the equivalent of 78 weeks of benefits had already been paid to the employee for her March 1983 injury, the employer and insurer have no viable claim for reimbursement. "Failure to comply with the [notification] provisions . . . will constitute a bar to recovery from the . . . Fund." OCGA § 34-9-362 (c).

Insofar as the employee has been paid benefits *since* March 1983, it would appear that the April 1985 notice to the Fund was indeed untimely. However, it is the employer's and insurer's contention that their April 1985 notification was timely because those benefits which were paid to the employee before March 1985 cannot be considered as the payment of benefits for her March 1983 injury, but must be deemed to be the payment of benefits for a worsened change in the condition of her original 1979 injury. Thus, under the employer's and insurer's analysis, the employee had been paid benefits for her March 1983 injury *only* since March 1985 and their April 1985 notification to the Fund was timely.

It is true that, until March of 1985, the employee was *erroneously* being paid only $110 in weekly benefits as if she had merely suffered a change in her condition rather than an independently com-

pensable new accident in March of 1983. However, this error was apparently entirely attributable to the employer's and insurer's own initial mistaken determination that, under the applicable law, the employee's March 1983 injury was compensable only as to a change-of-condition rather than independently compensable as a new accident. See *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (1b) (248 SE2d 678) (1978). It was this *error* in the ostensible basis upon which benefits were actually payable to the employee which was eventually rectified in March of 1985, when the independent compensability of the employee's March 1983 injury was acknowledged and she finally began to receive the full $135 in weekly benefits to which she was entitled for that new injury. Accordingly, regardless of the erroneous ground upon which the employee had been receiving benefits prior to March of 1985, throughout that time period benefits were *correctly* payable because she had suffered a new and subsequent injury in March of 1983.

There is no statutory provision authorizing the employer and insurer to urge their own unilateral mistake of law as a basis for securing reimbursement from the Fund. "After they take effect, the laws of this state are obligatory upon all the inhabitants thereof. Ignorance of the law excuses no one." OCGA § 1-3-6. "An employer or insurer *shall* notify the administrator of the [F]und of any possible claim against the [F]und . . . in no event later than . . . the payment of an amount equivalent to 78 weeks of income or death benefits. . . ." (Emphasis supplied.) OCGA § 34-9-362 (a). "The word 'shall' in a statute 'is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission.' [Cit.]" *Spivey v. Mayson*, 124 Ga. App. 775, 777 (186 SE2d 154) (1971). Having failed to provide notification to the Fund before the equivalent of 78 weeks of benefits had been paid to the employee for her March 1983 injury, the employer and the insurer are barred from seeking reimbursement from the Fund for those benefits paid to the employee for that injury. The superior court's order is, therefore, erroneous and must be reversed.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 10, 1991 —
REHEARING DENIED FEBRUARY 4, 1991.

*Michael J. Bowers, Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, K. Prabhaker Reddy*, for appellant.
*Kissiah & Associates, Richard C. Kissiah, James R. Gardner, E.*

*Lee Southwell III*, for appellees.