A97A0492. GEORGIA SUBSEQUENT INJURY TRUST FUND v. CONSOLIDATED FREIGHTWAYS, INC.
(482 SE2d 508)

BLACKBURN, Judge.

We granted Georgia Subsequent Injury Trust Fund's (Fund) application for discretionary appeal to review the trial court's application of the time limitations found in OCGA § 34-9-362 (a) to the facts of this case. As the facts indicate that Consolidated Freightways, Inc. (Consolidated) filed its claim for reimbursement from the Fund outside the time limitations provided in OCGA § 34-9-362 (a), we reverse the trial court.

The facts have been stipulated to by the parties. The claimant sustained a compensable accidental injury on June 11, 1990. The employer, Consolidated, accepted the June 11, 1990, *back* injury as a compensable injury under the Workers' Compensation Act (Act) and began paying the claimant the maximum amount allowable for total disability under the Act. The claimant first received medical treatment for his *neck* in November 1990. On December 20, 1990, the claimant requested a hearing to determine the compensability of a neck injury arising out of the June 11, 1990 incident. On December 4, 1991, the Administrative Law Judge determined that Consolidated was responsible for payment of medical expenses related to claimant's neck, as they also arose out of the June 11, 1990, incident. This award was affirmed by the State Board of Workers' Compensation (Board) on May 13, 1992. Consolidated filed its notice of claim with the Fund on April 29, 1992.

OCGA § 34-9-362 (a) provides: "An employer or insurer shall notify the administrator of the fund of any possible claim against the fund as soon as practicable, but in no event later than 78 calendar weeks following the injury or the payment of an amount equivalent to 78 weeks of income or death benefits, whichever occurs last."

The trial court determined that Consolidated's claim was timely filed because it was filed within 78 weeks of the Board's determination on May 13, 1992, regarding the claimant's neck injury. The trial court reasoned that as OCGA § 34-9-360 (e) required evidence of payment of weekly income benefits or an award of the Board as a prerequisite to reimbursement from the Fund, Consolidated had 78 weeks from the date of the Board's ruling to make a timely claim. We cannot agree. Making a timely claim to the Fund and obtaining reimbursement from the Fund are distinguishable functions. OCGA § 34-9-360 (e) has nothing to do with making a timely claim to the Fund, but instead, sets forth the prerequisites for obtaining reimbursement from the Fund.

OCGA § 34-9-362 (a) governs the timeliness of a claim and it mandates that *"any possible claim"* (emphasis supplied) be filed no later than 78 weeks from the injury or payment of 78 weeks worth of income benefits. As the injury clearly occurred more than 78 weeks before Consolidated filed its claim with the Fund, it is not entitled to reimbursement unless it had not paid 78 weeks worth of income benefits to the claimant with respect to this injury. Consolidated began paying full income benefits to claimant on June 22, 1990, and it had paid over 78 weeks worth of income benefits prior to filing its claim with the Fund. The claimant's claim for medical benefits for injury to his neck does not affect the payment of maximum income benefits which claimant was already receiving for the same incident. Therefore, Consolidated's attempt to separate payment of income benefits for claimant's claim of injury to his neck from the benefits paid for injury to his back must fail. See cf. *Ga. &c. Trust Fund v. ITT-Rayonier*, 198 Ga. App. 467 (402 SE2d 54) (1991) (employer barred from recovery from the Fund where claim made after the payment of 78 weeks of income benefits).

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 27, 1997 —

*Michael J. Bowers, Attorney General, Brenda H. Cole, Deputy Attorney General, Clyde L. Reese, Debra A. Golybieski, Assistant Attorneys General, Harrison & Llop, Rita J. Llop*, for appellant.

*Swift, Currie, McGhee & Hiers, Michael H. Friedman, Mark J. Goodman*, for appellee.