A04A1328. HALL et al. v. BLASSINGAME.
(605 SE2d 98)

MILLER, Judge.

In this case arising out of the demotion of an Atlanta public school teacher, the trial court awarded Andy Blassingame $5,000 in attorney fees for the Atlanta Independent School System's dilatory conduct in granting him a hearing. The school system challenges the award, arguing that it was denied an evidentiary hearing, that Blassingame cannot be awarded fees because he did not prevail in the underlying litigation, and that there was insufficient evidence that Blassingame suffered "unnecessary trouble and expense." We disagree and therefore affirm.

Viewed in the light most favorable to the trial court's ruling, the evidence shows that the trial court ordered the Atlanta Independent School System and its administrators (APS) to determine whether Blassingame had tenure as an administrator when it issued him a teaching contract for the 2001-2002 academic year, and to give Blassingame a hearing on the issue under OCGA § 20-2-1160. The same order reserved jurisdiction on the question whether Blassingame could recover his own attorney fees, and requested motions, argument, and supporting evidence on the matter. After reviewing

---

[13] (Citations omitted.) *Ross v. State*, 210 Ga. App. 455, 459 (4) (436 SE2d 496) (1993).

the materials submitted, including counsel's bill for $7,481.50, the trial court found on May 6, 2003, that APS had caused Blassingame "unnecessary trouble and expense in his efforts to obtain a hearing," and ordered APS to pay Blassingame $5,000. APS appealed the award on May 30, but had not completed the record as late as the following September. Blassingame brought a motion to dismiss the appeal, again asking for fees incurred. APS filed an amended notice of appeal directing that a missing transcript be omitted from the record. As a result, the trial court denied Blassingame's motion to dismiss, and this appeal went forward.

1. APS first contends that the trial court erred in awarding Blassingame his attorney fees without conducting an evidentiary hearing. However, APS responded to Blassingame's motion for fees on the merits below, and did not object to the trial court's consideration of that motion on the basis of documentary evidence and written argument alone. Thus APS has waived this argument on appeal. See *Premier Cabinets v. Bulat*, 261 Ga. App. 578, 580 (2) (583 SE2d 235) (2003) (objections concerning attorney fees not made at trial are waived); see also Court of Appeals Rule 27 (a) (1) (requiring record citations for and statement of method by which enumeration of error was preserved).

2. APS next asserts that Blassingame is not entitled to attorney fees because the trial court's original order had the effect of "dismissing [Blassingame's] complaint," thus depriving him of the "damages or other relief on the underlying claim" held to be a "prerequisite to any award of attorney's fees" under OCGA § 13-6-11. See *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996). We disagree.

APS grossly mischaracterizes the trial court's original order. Nowhere does that order suggest that Blassingame's complaint was being "dismissed," as APS claims. On the contrary, the trial court first ordered APS "to determine whether Plaintiff was tenured as an administrator," went on to note that APS was at last willing to hold the hearing Blassingame had been seeking for nearly two years, and finally ordered the hearing itself. It is absurd for APS even to suggest that it "prevailed" under this order such that Blassingame is barred from recovering fees.

3. Finally, APS asserts that the trial court erred when it found that APS caused Blassingame "unnecessary trouble and expense" sufficient to justify an award of attorney fees under OCGA § 13-6-11. The statute reads:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially

pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

We will not disturb a trial court's award of attorney fees under OCGA § 13-6-11 unless there is no evidence to support that award. *Citizens & Southern Trust Co. v. Hicks*, 216 Ga. App. 338, 340 (2) (454 SE2d 207) (1995). There was abundant evidence here to support the trial court's conclusion that APS had caused Blassingame unnecessary trouble and expense in his efforts to obtain a hearing. The trial court properly awarded attorney fees to Blassingame.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 22, 2004.

*Dorsey E. Hopson II*, for appellants.
*Bettina S. Davies*, for appellee.