A05A1095. BOONE v. ATLANTA INDEPENDENT SCHOOL
SYSTEM et al.
A05A1320. ATLANTA INDEPENDENT SCHOOL SYSTEM
v. BOONE.
(619 SE2d 708)

BLACKBURN, Presiding Judge.

These related appeals regard the Atlanta Independent School System's nonrenewal of Walter L. Boone, Jr.'s 2001-2002 contract as

a tenured music teacher. Following the superior court's determination that the School System was required to honor Boone's contract through the 2002-2003 academic year for failure to provide him with a timely written explanation of his nonrenewal, Boone, in Case No. A05A1095, contends that the superior court erred by: (1) holding that Boone's contract did not extend beyond the 2002-2003 school year; (2) awarding Boone insufficient damages for his wrongful termination; and (3) awarding insufficient attorney fees pursuant to OCGA § 13-6-11. In Case No. A05A1320, the School System cross-appeals, contending that the superior court erred by awarding any attorney fees to Boone. For the reasons set forth below, we affirm in both cases.

The facts in these cross-appeals are largely undisputed. The record shows that, during the 2001-2002 school year, Boone was employed by the School System as a tenured music teacher.[1] In March 2002, Boone was issued a letter from the School System Superintendent informing him that his contract would not be renewed for the following year. The reasons for the nonrenewal of his contract were not included in the letter.

Shortly after receiving the letter, Boone timely requested a written explanation of the reasons for his nonrenewal from the School System and further requested a hearing on the matter pursuant to OCGA § 20-2-942 (b) (2). This Code provision requires that, within 14 days of such a request from a nonrenewed tenured teacher, "the local [school] board must furnish the teacher a notice that complies with the requirements of subsection (b) of Code Section 20-2-940." This latter provision states, in turn:

> Before the discharge or suspension of a teacher, principal, or other employee having a contract of employment for a definite term, written notice of the charges shall be given at least ten days before the date set for hearing and shall state: (1) The cause or causes for his discharge, suspension, or demotion in sufficient detail to enable him fairly to show any error that may exist therein; (2) The names of the known witnesses and a concise summary of the evidence to be used against him. The names of new witnesses shall be given as soon as practicable; (3) The time and place where the hearing thereon will be held; and (4) That the charged teacher or

---

[1] A tenured teacher is one who "accepts a school year contract for the fourth consecutive school year from the same local board of education." OCGA § 20-2-942 (b) (1).

other person, upon request, shall be furnished with compulsory process or subpoena legally requiring the attendance of witnesses and the production of documents and other papers as provided by law.

OCGA § 20-2-940 (b). It is undisputed that Boone was not provided with this written notice within 14 days of his request.[2]

In May 2002, Boone contended that, as a result of the School System's failure to respond to his request within 14 days, his contract was automatically renewed and that he was entitled to be reinstated in accordance with the State of Georgia Board of Education's decision in *Peddle v. Cobb County Bd. of Ed.*[3] The School System countered that the nonrenewal of Boone's contract was valid because, due to earlier meetings with school officials in which his attendance record had been criticized, Boone had been placed on at least constructive notice that he was being nonrenewed based on his chronic poor attendance.

The substance of Boone's case was first considered by the School System Board of Education. In December 2002, the School System Board held that Boone's nonrenewal was valid because he had been placed on constructive notice of the reason for his nonrenewal and that the School System had, therefore, substantially complied with the notice provisions of OCGA § 20-2-940 (b). The School System Board ordered that a hearing be held regarding the merits of Boone's alleged poor attendance.

Prior to this hearing on the merits regarding Boone's attendance record, Boone filed an appeal of the School System Board's decision with the State of Georgia Board of Education. The hearing on the merits, however, occurred before the Georgia Board decided Boone's appeal. Following the hearing on the merits, a tribunal of the School System found that Boone's wilful and chronic absences constituted good and sufficient cause for termination, including acts of insubordination and wilful neglect of duties. See OCGA § 20-2-940 (a).

Then, in September 2003, the Georgia Board of Education, based on its prior decision in *Peddle*, supra, found that Boone was entitled to the automatic renewal of his contract because the School System had not properly notified Boone of the reasons for his nonrenewal in strict compliance with OCGA §§ 20-2-940 and 20-2-942 (b) (2). The Georgia Board did not address the question of whether the merits

---

[2] Although the School System mailed a notice, it did so to an incorrect address.

[3] *Peddle v. Cobb County Bd. of Ed.* (State Board of Education; Case No. 1985-31; decided November 14, 1985), aff'd, *Peddle v. Cobb County Bd. of Ed.* (Superior Court of Cobb County; Civil Action No. 86-10093-05; decided April 29, 1986).

hearing before the tribunal, which had occurred in the meantime, sufficed to terminate Boone's position for subsequent school years.

In November 2003, Boone filed suit against the School System in superior court, requesting that he be (i) reinstated to his teaching position up to and including the present year, (ii) awarded lost wages, and (iii) awarded attorney fees pursuant to OCGA § 13-6-11. Following a bench trial, the superior court found that the School System owed Boone lost wages for the 2002-2003 academic year in which his contract was automatically renewed, that Boone was effectively terminated from his position following that year, and that Boone was entitled to a certain amount in attorney fees. Both parties now appeal this decision.

### Case No. A05A1095

1. Boone contends that the superior court erred by finding that his employment had been terminated following the 2002-2003 school year in accordance with the findings of the School System tribunal resulting from the hearing on the allegations of his chronic absences. Boone argues that since his contract was automatically renewed due to the lack of a proper 14-day notice, the hearing on the merits was null and void and could not operate to terminate his employment for the following school years.

Such an argument places form over substance. The failure to send Boone the notice within 14 days did, in fact, operate to automatically renew his contract for the 2002-2003 academic year, as per the State Board *Peddle* decision. However, in the same decision in which the School System Board set and notified Boone of the hearing on the merits of the nonrenewal, Boone was expressly notified that the basis for the complaints about his performance was his repeated and numerous unexcused absences from work, despite direct orders from his principal to cease such behavior. Boone appeared at the hearing with counsel and, announcing he was fully prepared, vigorously contested the accusations against him through extensive cross-examination and through the presentation of evidence. After receiving an adverse decision from the tribunal, Boone chose not to appeal this decision. Having received every measure of due process on the merits and having chosen not to appeal this decision, Boone is hardly in a position to claim that he is not bound by the findings of the tribunal on the merits of his poor performance. Inasmuch as the evidence supported the tribunal's findings of insubordination, wilful neglect of duties, and other good and sufficient cause, the decision of the School System that Boone should be terminated following the 2002-2003 academic year was fully justified under OCGA § 20-2-940 (a).

Boone argues that since the merits hearing before the School System tribunal was "subject to" the appeal to the Georgia State Board, this voided the findings of the tribunal once the State Board issued its decision that the lack of the 14-day notice automatically renewed his contract for the 2002-2003 academic year. We disagree. It is true that based on the School System's clerical error in failing to send the 14-day notice to the correct address, the State Board decided to renew his contract for the 2002-2003 academic year. It is not true that following a full-blown hearing on the merits, the School System had to ignore the unappealed findings of the tribunal that he had engaged in flagrant acts of insubordination, wilful neglect of duties, and other misconduct. We hold that the superior court correctly held that following the 2002-2003 academic year, the School System was fully justified in terminating Boone's employment based on the unappealed findings of terminable misconduct.

2. Boone contends that the superior court erred by awarding him too little compensation, arguing that the superior court improperly found that he had failed to mitigate his damages by seeking out other suitable teaching positions. We disagree.

OCGA § 13-6-5 provides: "Where by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." In other words, a party injured by a breach of contract has a duty to mitigate his damages. *Zhou v. LaGrange Academy.*[4]

If any evidence supports a fact-finding of the court in a bench trial, we will sustain that finding. *Zhou*, supra at 449 (1). Here, the evidence showed that, although he had been offered a lower paying job ($25,000 annually) as a music instructor at a nearby private church school, Boone decided to turn down the offer, despite the fact that it would have allowed him to use the same skills he employed with the School System. Moreover, Boone made no efforts whatsoever to apply with any other school systems — whether public or private — in the local area, even to substitute teach. Given this evidence, we are bound to honor the superior court's fact-finding that Boone failed to mitigate his damages and its consequent decision to reduce the amount of Boone's recovery for lost wages relating to the 2002-2003 academic year. Id. at 452 (4).

3. Boone contends that the superior court erred by awarding insufficient attorney fees pursuant to OCGA § 13-6-11. This contention lacks merit.

It is undisputed that Boone's defense was wholly funded by the Georgia Association of Educators (GAE), a nonprofit organization. It

---

[4] *Zhou v. LaGrange Academy*, 266 Ga. App. 445, 452 (4) (597 SE2d 522) (2004).

is also undisputed that Boone's attorneys agreed to represent him for an hourly rate of $100 per hour. In its award of attorney fees, the superior court granted Boone's request for attorney fees, basing its calculations on this rate agreed to between GAE and counsel.

Nonetheless, Boone's attorneys now seek additional compensation, contending that, prior to their representation of Boone, they entered into an agreement with GAE containing a provision that, if Boone's litigation were successful, they would be entitled to recover their higher standard hourly rates ($275 per hour). In essence, they argue that they are now entitled to this premium.

Any such arrangement that Boone's attorneys may have had with GAE does not diminish the fact that some evidence supported the superior court's determination that the lower rate they agreed to charge GAE was a reasonable hourly rate to charge in such a situation. Accordingly, we are bound to uphold this factfinding. *Zhou* at 449 (1).

### Case No. A05A1320

4. In its cross-appeal, the School System contends that the superior court erred by granting any attorney fees to Boone at all pursuant to OCGA § 13-6-11. We disagree.

> Attorney fees are recoverable under OCGA § 13-6-11 when a party has acted in bad faith, has been stubbornly litigious, or has subjected the other party to unnecessary trouble and expense. Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense are generally questions for the trier of fact to decide. An award of attorney fees under OCGA § 13-6-11 will be affirmed if there is any evidence to support it.

(Citations omitted.) *Charter Drywall Atlanta v. Discovery Technology.*[5]

Here, there is evidence supporting the superior court's determination that the School System was stubbornly litigious. In September 2003, the State Board of Education held in a binding decision that Boone was entitled to the automatic renewal of his contract for the 2002-2003 academic year. Even though the School System did not appeal that decision, the School System refused to compensate him for that contract and instead disputed liability, compelling Boone to

---

[5] *Charter Drywall Atlanta v. Discovery Technology*, 271 Ga. App. 514, 517 (2) (610 SE2d 147) (2005).

bring the present action to enforce that decision. Therefore, as there was some evidence supporting the superior court's ruling that the School System was stubbornly litigious, we must affirm it. *Hall v. Blassingame.*[6] See *Daniel v. Smith*[7] (court "may award attorney fees under OCGA § 13-6-11 if there is no bona fide controversy as to liability, even if there is a bona fide controversy as to damages").

*Judgments affirmed. Miller and Bernes, JJ., concur.*

DECIDED AUGUST 1, 2005 —
RECONSIDERATION DENIED AUGUST 16, 2005 — ■■■■■■■■■■

*Theodore G. Frankel*, for Boone.
*Dorsey E. Hopson II*, for Atlanta Independent School System.

---

[6] *Hall v. Blassingame,* 269 Ga. App. 689, 691 (3) (605 SE2d 98) (2004).
[7] *Daniel v. Smith,* 266 Ga. App. 637, 641 (3) (597 SE2d 432) (2004).