**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**January 24, 2014**

# In the Court of Appeals of Georgia

A13A2088. CLAYTON COUNTY BOARD OF EDUCATION v.
  WILMER.

A13A2094. CLAYTON COUNTY BOARD OF EDUCATION v.
  RACHELE.

ELLINGTON, Presiding Judge.

In each of these cases, the Clayton County Board of Education ("the Local Board") decided not to renew a tenured teacher's contract, the Georgia Board of Education ("the State Board") reversed the decision of the Local Board, and the Superior Court of Clayton County affirmed the decision of the State Board. The Local Board appeals,[1] contending, inter alia, that the State Board erred in reversing the

---

[1] This Court granted the Local Board's applications for discretionary appeal. See OCGA § 5-6-35 (a) (1). As detailed below, Case No. A13A2088 concerns the Local Board's decision not to renew the contract of Burnedetta Wilmer, and Case No. A13A2094 concerns the Local Board's decision not to renew the contract of Gala Rachele.

Local Board's decisions based on its failure to notify the teachers in writing of the decision and of their right to appeal to the State Board in the time and manner required by law and, therefore, that the superior court erred in affirming the decisions of the State Board. Because the substantive issues in these cases are identical, we have consolidated them for decision. For the reasons explained below, we affirm.

*Georgia's Fair Dismissal Act*

Under Georgia's Fair Dismissal Act, OCGA §§ 20-2-940 through 20-2-947, after a teacher's fourth consecutive contract with a local board of education, the teacher enjoys what are commonly referred to as "tenure rights." (Punctuation and footnote omitted.) *Patrick v. Huff,* 296 Ga. App. 343, 345 (1) (674 SE2d 398) (2009).[2]

---

[2] See also *Boone v. Atlanta Independent School Sys.*, 275 Ga. App. 131, 132, n. 1 (619 SE2d 708) (2005) ("A tenured teacher is one who accepts a school year contract for the fourth consecutive school year from the same local board of education. OCGA § 20-2-942 (b) (1).") (punctuation omitted); *Moulder v. Bartow County Bd. of Ed.*, 267 Ga. App. 339, 341 (599 SE2d 495) (2004) ("OCGA § 20-2-942 is Georgia's teacher tenure statute."); OCGA § 20-2-942 (b) (1) ("A teacher who accepts a school year contract for the fourth consecutive school year from the same local board of education may be demoted or the teacher's contract may not be renewed only for those reasons set forth in subsection (a) of [OCGA §] 20-2-940."), (b) (3) ("A teacher is deemed to have accepted a fourth consecutive school year contract if, while the teacher is serving under the third consecutive school year contract, the local board does not serve notice on the teacher by April 15 that it intends not to renew the teacher's contract for the ensuing school year, and the teacher does not serve notice in writing on the local board of education by May 1 of the third consecutive school year that he or she does not accept the fourth consecutive

Under the Act, a local board may demote or fail to renew the contract of a tenured teacher only for cause and after providing specified procedural safeguards.[3] *West v. Dooly County School Dist.*, 316 Ga. App. 330, 331 (729 SE2d 469) (2012); see also *Oates v. Coffee County Bd. of Ed.*, 198 Ga. App. 77, 79 (400 SE2d 355) (1990) ("The significance of tenure is that a tenured teacher's contract may be non-renewed only for one of the reasons specified in OCGA § 20-2-940."). Absent non-renewal in compliance with OCGA § 20-2-942, a tenured teacher's contract is automatically renewed for the following school year.[4]

---

school year contract.").

[3] OCGA § 20-2-942 (b) provides, in pertinent part, that,
[i]n order to . . . fail to renew the contract of a [tenured] teacher . . . , the teacher must be given written notice of the intention to . . . not renew the contract of the teacher. . . . A teacher who is so notified . . . that his or her contract will not be renewed has the right to the procedures set forth in subsections (b) through (f) of [OCGA §] 20-2-940 before the intended action is taken.
See also OCGA § 20-2-940 (a) (grounds for non-renewal).

[4] OCGA § 20-2-211 (b); *Hall v. Nelson*, 282 Ga. 441, 445-446 (5) (651 SE2d 72) (2007); *Boone v. Atlanta Independent School Sys.*, 275 Ga. App. at 132; *Moulder v. Bartow County Bd. of Ed.*, 267 Ga. App. at 341; *Woodland v. Richmond County Bd. of Ed.*, State Bd. of Ed. Case No. 2011-27; *Peddle v. Cobb County Bd. of Ed.*, State Bd. of Ed. Case No. 1985-31 (November 14, 1985).

3

Under Georgia's Education Code every local board "shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law[,]" and, as such a matter, a dispute under the Fair Dismissal Act is committed to that administrative process. See *Day v. Brantley County School Dist.*, 298 Ga. App. 717 (680 SE2d 496) (2009). Thus, a teacher with a dispute regarding his or her employment contract generally must first seek redress before the local board of education. OCGA § 20-2-1160 (a); *Day v. Brantley County School Dist.*, 298 Ga. App. at 717 (A complaint against a local board for breach of contract was properly dismissed where the plaintiff failed to exhaust her administrative remedies before filing suit.).

The Fair Dismissal Act requires the local board to give a tenured teacher written notice of its intention not to renew the teacher's contract, as well as notice of the teacher's procedural rights. OCGA § 20-2-942 (b)[5]; see OCGA § 20-2-940 (b)

---

[5] The required written notice of the intention not to renew the contract of a tenured teacher

> shall contain a conspicuous statement in substantially the following form:
>> You have the right to certain procedural safeguards before you can be demoted or dismissed. These safeguards include the right to notice of the reasons for the action against you and the right to a hearing. If you desire these rights you must send to the school superintendent by certified mail or

through (f) (procedures); *Patrick v. Huff,* 296 Ga. App. at 345 (1). If the teacher serves written notice within 20 days that he or she requests a hearing, the local board then has 14 days to furnish the teacher a notice that complies with the requirements of OCGA § 20-2-940 (b), which includes the charges or grounds for non-renewal under the provisions of the Fair Dismissal Act. OCGA § 20-2-942 (b).[6] Furthermore,

<hr />

> statutory overnight delivery a statement that you wish to have a hearing; and such statement must be mailed to the school superintendent within 20 days after this notice was mailed to you. Your rights are governed by [OCGA §§] 20-2-211 [(b)], . . . 20-2-940, and . . . 20-2-942 through 20-2-947, and a copy of this law is enclosed.

OCGA § 20-2-942 (b) (2).

[6] Under OCGA § 20-2-940 (b) written notice of the charges shall be given at least ten days before the date set for hearing and shall state:

> (1) The cause or causes for his or her discharge, suspension, or demotion in sufficient detail to enable him or her fairly to show any error that may exist therein;
> (2) The names of the known witnesses and a concise summary of the evidence to be used against him or her. The names of new witnesses shall be given as soon as practicable;
> (3) The time and place where the hearing thereon will be held; and
> (4) That the charged teacher or other person, upon request, shall be furnished with compulsory process or subpoena legally requiring the attendance of witnesses and the production of documents and other papers as provided by law.

5

the teacher is entitled to an evidentiary hearing to contest the reasons for non-renewal before the local school board or, if designated by the local board, before a specialized tribunal, which submits findings and recommendations to the local board for its decision. OCGA § 20-2-940 (e). The Fair Dismissal Act provides that,

> [t]he local board shall render its decision at the hearing or within five days thereafter. Where the hearing is before a tribunal, the tribunal shall file its findings and recommendations with the local board within five days of the conclusion of the hearing, and the local board shall render its decision thereon within ten days after the receipt of the transcript.

OCGA § 20-2-940 (f).

The State Board is the primary appellate body for reviewing non-renewal decisions of local boards. OCGA §§ 20-2-940 (f) (In cases of non-renewal,"[a]ppeals may be taken to the [S]tate [B]oard in accordance with [OCGA §] 20-2-1160 . . . and the rules and regulations of the [S]tate [B]oard governing appeals."); 20-2-1160 (b) ("Any party aggrieved by a decision of the local board rendered on a contested issue after a hearing shall have the right to appeal therefrom to the State Board of Education."). Under OCGA § 20-2-1160 (a), the decision of a local board in its capacity as a tribunal

6

shall be binding on the parties, provided, however, that the [local] board shall notify the parties in writing of the decision and of their right to appeal the decision to the State Board of Education and shall clearly describe the procedure and requirements for such an appeal[.]

See Ga. Bd. of Ed. Rule 160-1-3-.04 (3) (6) ("At the conclusion of the hearing [before a local board of education acting as a school law tribunal], or within 15 days thereafter, the [local board] shall notify the parties of its decision in writing and shall notify the parties of their right to appeal the decision to the State Board of Education.").

"Any party aggrieved [by a decision of the State Board] may appeal to the superior court of the county wherein the local board of education is situated." OCGA § 20-2-1160 (c). An appeal to this Court from a decision of a superior court reviewing a decision of the State Board of Education shall be by application for a discretionary appeal, as provided in OCGA § 5-6-35.

With the interplay of the relevant statutes in mind, we turn to the specific facts of the cases at bar.

*Case No. A13A2088*

On April 20, 2011, the superintendent of Clayton County Public Schools notified Burnedetta Wilmer, a tenured kindergarten teacher, that he would be

recommending to the Local Board that her employment contract not be renewed for the 2011-2012 school year. Wilmer requested an evidentiary hearing, which took place on September 20, 2011, before a tribunal designated by the Local Board. The tribunal recommended non-renewal of Wilmer's contract and submitted written findings to the Local Board. The Local Board voted, at its meeting on November 7, 2011, to accept the tribunal's non-renewal recommendation. The Local Board informed Wilmer that it had accepted the tribunal's non-renewal recommendation, but it did not provide her with the written findings of the tribunal until December 12, 2011. After repeated requests from Wilmer's attorney for the Local Board's decision, the Local Board's attorney notified Wilmer's attorney, via email sent on February 8, 2012, that the Local Board "issued its decision . . . within the time frame" required by statute, but the Local Board did not issue a written decision setting forth the basis for non-renewal (or expressly adopting the findings and recommendation of the tribunal), and it provided Wilmer no formal notice of her right to appeal its decision and the procedure and requirements for such an appeal.

On February 14, 2012, Wilmer appealed to the State Board, challenging the sufficiency of the evidence and arguing that the Local Board had failed to provide her with a written explanation of its decision and notice of her right to appeal the decision

to the State Board of Education, as required. The State Board found that the Local Board violated OCGA § 20-2-940 (f), in failing to serve the tribunal's findings and recommendation upon Wilmer, and OCGA § 20-2-1160 (a), in failing to notify Wilmer in writing of its decision and of her right to appeal. The State Board found that Wilmer was harmed by the Local Board's procedural faults, in that the Local Board's "fail[ure] to render a written decision in accordance with OCGA § 20-2-1160" giving the basis for its decision made it impossible for the State Board to "ascertain if the decision was mistaken[.]" In addition, noting that the time limitations in the Fair Dismissal Act exist in order to expeditiously provide teachers with a hearing, including the right to appeal, the State Board found that Wilmer was harmed by the Local Board's conduct, which had caused the matter to be delayed for over a year since the issuance of the non-renewal letter. Based on these findings, the State Board reversed the Local Board's decision. The Local Board then appealed to the superior court.

The superior court agreed with the State Board that the Local Board had violated OCGA § 20-2-1160 (a) by failing to provide timely written notice to Wilmer of its decision not to renew her contract. Further, the superior court found that Wilmer was injured by the Local Board's late notice. Specifically, it found that the time for

9

her to appeal to the State Board began running on November 7, 2011, the day that the Local Board met and voted to accept the tribunal's recommendation, and therefore expired on December 7, 2011. The superior court found that, because Wilmer did not appeal until February 14, 2012, the State Board was without jurisdiction to consider her appeal and that the Local Board's actions deprived Wilmer of an appeal. Because Wilmer was injured by the Local Board's violation of OCGA § 20-2-1160 (a), the superior court concluded that the requirements of that Code section are mandatory, rather than directory, under Georgia law. Based on these findings and conclusions, the superior court affirmed the decision of the State Board.

*Case No. A13A2094*

On April 20, 2011, the superintendent of Clayton County Public Schools notified Gala Rachele, a tenured special education teacher, that he would be recommending to the Local Board that her employment contract not be renewed for the 2011-2012 school year. Rachele requested an evidentiary hearing, which took place on October 20 and November 8, 2011, before a tribunal designated by the Local Board. The tribunal recommended non-renewal of Rachele's contract and submitted written findings to the Local Board. The Local Board voted, at its meeting on November 28, 2011, to accept the tribunal's non-renewal recommendation. On

10

January 17, 2012, the Local Board notified Rachele's attorney via email that the Local Board had accepted the tribunal's non-renewal recommendation, with a copy of the tribunal's written findings attached. The Local Board did not issue a written decision setting forth the basis for non-renewal (or expressly adopting the findings and recommendation of the tribunal), and it provided Rachele no formal notice of her right to appeal its decision and the procedure and requirements for such an appeal

On February 16, 2012, Rachele appealed to the State Board, arguing that the Local Board had violated her due process rights under the Fair Dismissal Act. Following the same analysis as in Wilmer's case, the State Board reversed the Local Board's decision. The Local Board then appealed to the superior court. Following the same analysis as in Wilmer's case, the superior court concluded that, because Rachele filed her appeal to the State Board more than 30 days after the Local Board voted to accept the tribunal's non-renewal recommendation, the State Board lacked jurisdiction over her appeal. As in Wilmer's case, the superior court found that Rachele was harmed by the Local Board's violations of the Fair Dismissal Act's procedural requirements and affirmed the State Board's decision.

1. The Local Board contends that the superior court erred in ruling that the State Board lacked jurisdiction over the teachers' appeals on the basis that the appeals were untimely. The Local Board contends that, "if the State Board [had] truly lacked jurisdiction to hear [each teacher's] appeal because it was not timely filed, then the State Board would have had no authority to do *anything or render any decision at all* (other than issue an order dismissing [the teacher's] appeal)." We agree that, by definition, an appellate court or tribunal only has the power to review a judgment or decision of a lower court or tribunal if it has jurisdiction over the appeal.[7] Thus, the threshold issue is whether the State Board had jurisdiction over the teachers' appeals.

OCGA § 20-2-1160 (b) provides that an appeal to the State Board "shall be filed with the superintendent within 30 days of the decision of the local board." Ordinarily, the word "shall" in a statute is synonymous with "must" and is a word of

---

[7] Black's Law Dictionary (9th ed. 2009) (defining "appellate jurisdiction" as "[t]he power of a court to review and revise a lower court's decision"); *Fullwood v. Sivley*, 271 Ga. 248, 250-252 (517 SE2d 511) (1999) (The provisions of the law respecting the procedure to be followed in perfecting appeals to the appellate courts, including time limits, are jurisdictional and must be uniformly enforced by the appellate courts. Unless an appellate court has jurisdiction over a case, "it is without power or authority to render a judgment upon review.") (citation and punctuation omitted).

12

command, including with regard to time limits set by the statute. *State v. Henderson*, 263 Ga. 508, 510-511 (436 SE2d 209) (1993).[8] Generally, the timely initiation of an appeal is an absolute requirement to confer jurisdiction upon an appellate court or tribunal.[9] It follows that the State Board lacked jurisdiction over the teachers' appeals

---

[8] See also *Ga. Subsequent Injury Trust Fund v. ITT–Rayonier*, 198 Ga. App. 467 (402 SE2d 54) (1991) (accord); *State v. Brantley*, 147 Ga. App. 569, 570 (249 SE2d 365) (1978) (accord).

[9] As a prime example, the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court or upon the Supreme Court of Georgia under the Appellate Practice Act, OCGA § 5-6-30 et seq. See OCGA §§ 5-6-33; 5-6-34; 5-6-35 (application of the Appellate Practice Act); 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion."); 5-6-39 (authorizing limited extensions of time); 5-6-48 (b) (1) (authorizing dismissal of an appeal "[f]or failure to file notice of appeal within the time required as provided in [the Appellate Practice Act] or within any extension of time granted [t]hereunder"); see also *Gable v. State*, 290 Ga. 81, 82-83 (2) (a) (720 SE2d 170) (2011) ("[C]ompliance with the statutory deadline for filing a notice of appeal is an absolute requirement to confer jurisdiction on an appellate court" under the Appellate Practice Act.) (citations and punctuation omitted); *Jordan v. Caldwell*, 229 Ga. 343, 344 (191 SE2d 530) (1972) (Under the Appellate Practice Act, "[t]he proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court. . . . [T]he burden is on the party desiring to take the appeal to determine when the judgment is filed in the trial court, and the burden is on the party desiring to appeal to file his notice of appeal within the 30-day period or within a duly authorized extension of the 30-day period.").

(1) if the timely filing of an appeal is an absolute requirement to confer jurisdiction upon the State Board under OCGA § 20-2-1160, and (2) if the teachers failed to file their appeals within the time allowed.

(a) As to the first question, the reported decisions of the State Board show that, when an appellant fails to file an appeal from a decision of a local board acting as a tribunal within the time allowed, the State Board dismisses the appeal.[10] This Court has also ruled that the proper filing of a notice of appeal is necessary to bestow jurisdiction upon the reviewing court under OCGA § 20-2-1160 (c).[11] Moreover, we

---

[10] See, e.g., *Josh W. v. Gwinnett County Bd. of Ed.*, State Bd. of Ed. Case No. 1991-15 (June 13, 1991) (dismissing a student's appeal from the local board's decision to expel him on the basis that the student's failure to file his appeal within 30 days after the local board's decision deprived the State Board of jurisdiction); *Coleman v. Paulding County Bd. of Ed.*, State Bd. of Ed. Case No. 1989-03 (April 13, 1989) (dismissing a bus driver's appeal from the local board's decision to award a particular route to another driver on the basis that the driver's failure to file his appeal within 30 days after the local board's decision deprived the State Board of jurisdiction).

[11] *Cooper v. Gwinnett County Bd. of Ed.*, 157 Ga. App. 289, 289-290 (277 SE2d 285) (1981) (Where a teacher filed a notice of appeal from a decision of the State Board in the superior court, instead of with the State Board as required by statute, the superior court did not have "jurisdiction to review the decision sought to be appealed because of the failure to confer jurisdiction upon that court pursuant to the statute." As a result, the proper disposition by the superior court was dismissal of the appeal.) (citations and punctuation omitted); see also *Elbert County Bd. of Ed. v. Gurley*, 215 Ga. App. 205, 206 (450 SE2d 258) (1994) (accord).

14

find no statutory basis for concluding that the timely filing of an appeal is not a prerequisite to the exercise of jurisdiction by the State Board.[12] Based on the foregoing, we conclude that the timely filing of an appeal is an absolute requirement to confer jurisdiction upon the State Board under OCGA § 20-2-1160 (b).

(b) In order to determine whether the teachers filed their appeals within the time allowed, we must next determine the date the 30-day period for filing an appeal begins to run. The Education Code does not expressly specify what constitutes the date of a local board's decision.[13] Arguably, in cases in which a teacher requests a

---

[12] For an example of such a statutory provision, see OCGA § 5-3-27, which is part of the statutory chapter that provides for appeals to the superior court from decisions made by the probate courts, OCGA § 5-3-2 et seq. OCGA § 5-3-27 provides that "the superior court shall at any time permit such amendments and enter such orders as may be necessary to cure [any] defect" in a notice of appeal from a decision made by a probate court. Based on this provision, the Supreme Court of Georgia held that, where the appellant filed a timely notice of appeal but filed it in the superior court, rather than in the probate court as required, the superior court did not err in exercising jurisdiction over the appeal. *Mack v. Demming*, 248 Ga. 117, 119 (6) (281 SE2d 591) (1981).

[13] By contrast, under the Appellate Practice Act, the time for initiating an appeal begins to run with the "entry of the appealable judgment or decision complained of," and the Act "provides its own internal definition as to what constitutes the entry of a judgment: [t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of [the Act]." (Citations and punctuation omitted.) *GMC Group v. Harsco Corp.*, 293 Ga. App. 707 (667 SE2d 916) (2008), quoting OCGA § 5-6-31.

hearing pursuant to OCGA §20-2-942 (b) (2), the date of a decision not to renew the contract of a tenured teacher is the date a quorum of the local board votes, after a hearing as provided in OCGA § 20-2-940 (e), not to renew the teacher's contract. See OCGA § 20-2-57 (a) (conduct of business by a local board).

The State Board, however, has held that under these circumstances the 30-day period for filing an appeal under OCGA § 20-2-1160 (b) does not begin to run until a local board complies with the notice provisions of subsection (a) of that Code section, which provides that "the [local] board shall notify the parties in writing of the decision and of their right to appeal the decision to the State Board of Education and shall clearly describe the procedure and requirements for such an appeal[.]" See *White v. Lamar County Bd. of Ed.*, State Bd. of Ed. Case No. 1987-14 (The State Board had jurisdiction to review on the merits the local board's decision to terminate a driver's contract because the driver filed his appeal within 30 days of the date the local board issued its written decision, even though it was more than 30 days after the local board voted to terminate his contract.); *Shane W. v. Gwinnett County Bd. of Ed.*, State Bd. of Ed. Case No. 1986-37 (December 11, 1986) (Where the local board failed, when it notified the parents of its decision to suspend their child, to describe the procedure and requirements for appealing the decision, as required by OCGA § 20-2-1160 (a),

16

the State Board had jurisdiction to review on the merits the local board's decision, even though the parents filed the appeal to the State Board more than 30 days after the local board voted to suspend the student.). Because the 30-day period for filing an appeal under OCGA § 20-2-1160 does not begin to run until a local board complies with the notice requirements of that Code section, a local board's failure to comply with those notice provisions will not thwart a teacher's right to appeal. See *Shane W. v. Gwinnett County Bd. of Ed.*, State Bd. of Ed. Case No. 1986-37 (December 11, 1986) ("If appeals are dismissed because of untimely filing when a local board fails to give actual notice, then the purpose [of OCGA § 20-2-1160's notice requirements] is thwarted without any remedy."). The State Board's interpretation of the Fair Dismissal Act, "though not conclusive, is entitled to great weight." *Moulder v. Bartow County Bd. of Ed.*, 267 Ga. App. at 340 (footnote omitted).[14]

---

[14] We note that the State Board departed somewhat from its own precedent on the issue in *McClain v. Griffin-Spalding County Bd. of Ed.*, State Bd. of Ed. Case No. 1998-50 (March 11, 1999), and *C. K. F. v. Peach County Bd. of Ed.*, State Bd. of Ed. Case No. 1993-29 (December 11, 1986). In *McClain v. Griffin-Spalding County Bd. of Ed.*, the State Board held that, if a local board gives the parties notice of an adverse decision and in that notice discloses the date the local board reached its decision, the time for filing a notice of appeal under OCGA § 20-2-1160 (b) begins to run on the date the local board rules against the appellant. In that case, the State Board dismissed an appeal filed by a teacher from the local board's decision to terminate his teaching

17

As the Local Board contends, therefore, the State Board was not deprived of jurisdiction over the teachers' appeals in these cases merely by the fact that the teachers filed their appeals more than 30 days after the Local Board voted, after receiving the findings and recommendation of the tribunal, not to renew their contracts. Indeed, because the Local Board failed to comply with the notice requirements of OCGA § 20-2-1160 (a), the teachers' appeals were arguably *premature*.[15] The Local Board, however, never moved to dismiss the teachers' appeals

contract, even though the teacher filed his appeal within 30 days after the local board issued its written decision (on July 2, 1998), because, when the local board issued its written decision, it advised the teacher that it had made its decision three days earlier (on June 30, 1998). In allowing the local board to shorten the teacher's time to appeal in this way, the State Board relied on its previous decision in *C. K. F. v. Peach County Bd. of Ed.*, State Bd. of Ed. Case No. 1993-29 (December 11, 1986), where it stated that a local board's decision "will be deemed to have been made on the date of the notice [of a decision] if the notice does not give the date of the decision; if the notice gives the date of the decision, [on the other hand,] then that date will be deemed the date of decision." To the extent that these two decisions, which did not discuss the importance of the notice provisions of OCGA § 20-2-1160 (a), are inconsistent with the State Board's well-reasoned analysis in *White v. Lamar County Bd. of Ed.*, State Bd. of Ed. Case No. 1987-14 and *Shane W. v. Gwinnett County Bd. of Ed.*, State Bd. of Ed. Case No. 1986-37 (December 11, 1986), we disapprove them.

[15] See OCGA § 5-6-34 (a) (appeals under the Appellate Practice Act from final judgments); Christopher J. McFadden et al., *Ga. Appellate Practice* § 11:17 (updated November 2013) (discussing when a notice of appeal filed before entry of judgment will be deemed timely). We note that the Education Code neither expressly provides for interlocutory appeals, nor expressly prohibits them. Cf. OCGA § 5-6-34 (b) (providing for applications for interlocutory appeal under the Appellate Practice Act).

on the basis of prematurity, but, to the contrary, has insisted throughout that the State Board had jurisdiction to hear the merits of the teachers' appeals. Furthermore, only the Local Board had the power to issue a written decision and otherwise comply with OCGA § 20-2-1160 (a) so as to trigger the 30-day period for filing an appeal, yet it failed and refused to do so. Under the circumstances, we conclude that the State Board had jurisdiction over the teachers' appeals, and the superior court erred in ruling otherwise. This error does not require reversal of the superior court's judgments, however, for the reasons explained in Division 2, infra.

2. The Local Board contends that the State Board exceeded its authority in giving the teachers a substantive remedy, that is, reversing the Local Board's decisions not to renew the teachers' contracts, based on its finding that the Local Board failed to comply with the applicable statutory notice provisions. The Local Board contends that, although OCGA § 20-2-1160 (a) uses the commanding term "shall" in directing that a local board notify the parties involved of its decision and their appeal rights, the statute fails to establish any penalty for a local board's failure to comply with those notice requirements. The Local Board contends that, as a result,

the statutory timelines are merely directory in the absence of any resulting injury.[16] The Local Board contends that, because the State Board did not dismiss the teachers' appeals, the teachers were not injured by its failure to comply with the dictates of the statute. The Local Board contends that, under the circumstances, its failure to comply with the statutory timelines cannot be the basis for reversing its decisions.[17]

---

[16] See *Charles H. Wesley Ed. Foundation v. State Election Bd.*, 282 Ga. 707, 709 (654 SE2d 127) (2007) ("[L]anguage contained in a statute which, given its ordinary meaning, commands the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the Act.") (citations and punctuation omitted); *Glass v. City of Atlanta*, 293 Ga. App. 11, 15 (2) (666 SE2d 406) (2008) ("[I]n the absence of injury to the defendant, a statute which directs that some act be done within a given time period, but prescribes no penalty for not doing it within that time, is not mandatory but directory; that is, . . . in such instances 'shall' denotes simple futurity rather than a command.") (citation and punctuation omitted). We note that the State Board and the superior court found that there is no statutory penalty in either OCGA §§ 20-2-940 (f) or 20-2-1160 (a) for a local board's failure to timely do what the statutes direct, but went on to find that each teacher had been substantially injured by the Local Board's violation of its statutory duties and that, as a result, the procedural requirements were mandatory under the circumstances. See footnote 18, infra.

[17] See OCGA § 1-3-1 (c) ("A substantial compliance with any statutory requirement, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, *unless expressly so provided by law*.") (emphasis added).

20

We reject the underlying premise that OCGA § 20-2-1160 (a) fails to establish any penalty for a local board's failure to comply with the procedural requirements of the statute. As noted earlier, OCGA § 20-2-1160 (a) provides that a decision of a local board "shall be binding on the parties, *provided . . . that*" the local board notifies the parties in writing of the decision, with notice of their right to appeal and how to obtain such an appeal. (Emphasis supplied.) The consequence of a local board's failure to comply with the notice directive is inherent in the statute's terms. Here, the plain meaning of "provided . . . that" is conditional, that is, that the binding effect of the decision is conditioned upon the local board's compliance with the notice requirements. Thus, when the converse situation exists, that is, when a local board *fails* to notify the parties in writing of the decision and their right to appeal to the State Board, with a clear description of the procedure and requirements for such an appeal, then the decision of the local board shall *not* be binding on the parties. By providing that a local board's failure to notify the parties in writing of a decision, in the manner required, deprives the decision of any binding effect, OCGA § 20-2-1160 (a) imposes a very severe penalty from the perspective of a local board that has

21

undertaken the process of non-renewal.[18] Because in these cases the Local Board

failed to notify the teachers in writing of its decisions and of their right to appeal, as

required, the statute plainly dictates that the decisions of the Local Board are not

binding on the parties.[19] Because the Local Board failed to comply with OCGA § 20-

2-1160 (a), the State Board did not err in declaring that the Local Board's non-

renewal process was invalid as to these teachers. See *Thebaut v. Ga. Bd. of Dentistry*,

---

[18] Because we have rejected the premise that OCGA § 20-2-1160 (a) provides no penalty for a local board's failure to comply with the statute's notice requirements, it follows that those requirements are not merely directory in the absence of any resulting injury. Consequently, the Local Board's argument that the State Board and the superior court erred in finding that the teachers were injured by its (the Local Board's) procedural faults is moot.

[19] See also *Whisenant v. Douglas County Bd. of Ed.*, State Bd. of Ed. Case No. 1997-52 (March 12, 1998) *Whisenant v. Douglas County Bd. of Ed.*, State Bd. of Ed. Case No. 1997-52 (March 12, 1998) (Noting that a local board is subject to mandatory requirements under OCGA § 20-2-940 that, when a tribunal conducts a hearing, the local board must issue a decision within 10 days after it receives the transcript, the State Board reversed a decision of a local board to terminate a teacher's contract because it violated the teacher's procedural due process rights when it failed to issue its decision within the time allowed.); *Peddle v. Cobb County Bd. of Ed.*, State Bd. of Ed. Case No. 1985-31 (November 14, 1985) (Holding that the 14-day time limit imposed by OCGA § 20-2-942 (b) (2) for a local board to respond to a tenured teacher's timely request for notice of the causes for the local board's decision not to renew the teacher's contract is mandatory, not discretionary, the State Board held that a decision of a local board not to renew a teacher's contract was not binding, entitling the teacher to reinstatement, because the local board failed to give the teacher written notice of the causes for non-renewal within 14 days after the teacher's request.).

22

235 Ga. App. 194, 195 (1) (509 SE2d 125) (1998) (An agency decision or action will be invalidated where the applicable statute explicitly states that such is the penalty for noncompliance with the statute's directives.).

Given the lack of any binding non-renewal decision at the time the State Board considered the teachers' appeals, and given the fact that the State Board did not review the sufficiency of the evidence adduced in support of non-renewal,[20] it might have been preferable for the State Board to have simply declared that the teachers'

_____

[20] See OCGA § 20-2-1160 (e) ("Neither the state board nor the superior court shall consider any question in matters before the local board nor consider the matter de novo, and the review by the state board or the superior court shall be confined to the record. In the superior court, the appeal shall be determined by the judge sitting without a jury."); *Chattooga County Bd. of Ed. v. Searels*, 302 Ga. App. 731, 732 (691 SE2d 629) (2010) (The State Board, the superior court, and the Court of Appeals all apply the "any evidence" standard of review to the record supporting the initial decision of the Local Board.); *Moulder v. Bartow County Bd. of Ed.*, 267 Ga. App. at 340 ("[W]hen reviewing decisions of a local board, both the State Board and superior court sit as appellate bodies applying an 'any evidence' rule to the facts of the case.") (footnote omitted); *Johnson v. Pulaski County Bd. of Ed.*, 231 Ga. App. 576, 577 (1) (499 SE2d 345) (1998) ('[T]he courts will not interfere with a local board's administration of its schools unless the board's actions are contrary to law or it appears that the board has grossly abused its discretion.") (citation and punctuation omitted); *Ransum v. Chattooga Bd. of Ed.*, 144 Ga. App. 783, 785 (5) (242 SE2d 374) (1978) (The superior court applies the "any evidence" rule to a decision of the local board. Under former Ga. Code Ann. § 32-910 (now codified as OCGA § 20-2-1160 (e)), "[n]either the state board nor the superior court is authorized to consider a matter de novo from the local board." The superior court acts as an appellate body and, if it finds that there existed evidence sufficient to support the decision of the local board, the superior court is bound to affirm it.) (citations and punctuation omitted).

23

contracts had been automatically renewed, rather than ruling that "the decision of the Local Board is reversed." We look to the substance of the decisions of the State Board, however, and will not reverse on this basis. Accordingly, although the superior court erred in ruling that the State Board lacked jurisdiction over the teachers' appeals, see Division 1, supra, the judgments of the superior court that affirmed the decisions of the State Board that reversed the decisions of the Local Board not to renew the teachers' contracts are affirmed.[21]

*Judgments affirmed. Phipps, C. J., and Branch, J., concur.*

---

[21] The Local Board suggests that, if its non-renewal decision "must be overturned, [then] an . . . incompetent teacher [will] be returned to the classroom to continue to fail the students of Clayton County, solely because written notice of the [L]ocal [B]oard's decision was not delivered to the teacher within ten days of the Board's vote to affirm the recommendation of the hearing tribunal to uphold the Superintendent's recommendation to terminate the teacher." Not so. Under appropriate circumstances, a teacher under contract may certainly be relieved of classroom duties, as long as any new assignment does not constitute an unauthorized demotion. *Hall v. Nelson*, 282 Ga. at 445 (5).