A08A1768. PATRICK et al. v. HUFF.
(674 SE2d 398)

BERNES, Judge.

The central question in this case is whether the plaintiff, Emma Jean Huff, was entitled to the procedural protections afforded by Georgia's Fair Dismissal Act, OCGA § 20-2-940 et seq. ("FDA"), when the Talbot County School District failed to renew her employment contract to serve as a school administrator for the 2005-2006 school year. The trial court concluded that Huff was entitled to these protections and denied summary judgment to the defendants, the superintendent of the Talbot County School District and the members of the Talbot County Board of Education. After a bench trial on damages, the trial court entered judgment in favor of Huff, leading to

this appeal. For the reasons discussed below, we conclude that Huff was not entitled to the FDA's procedural protections, and so we reverse the judgment and remand for entry of summary judgment in favor of the defendants.

> On appeal from the denial . . . of summary judgment, this Court must conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

*Northwest Carpets v. First Nat. Bank of Chatsworth*, 280 Ga. 535, 538 (1) (630 SE2d 407) (2006). See OCGA § 9-11-56 (c).

So viewed, the record shows that Huff was employed as a teacher and high school counselor in the Talbot County School District from January 1968 through June 1994. Following the 1993-1994 school year, Huff resigned her employment and took a position in the Crawford County School District as an elementary school counselor.

Following three years in Crawford County, Huff returned to the Talbot County School District as an elementary school counselor for the 1998-1999 school year. She continued her employment as a counselor for the successive 2000-2001 and 2001-2002 school years. Huff then accepted the administrative position of high school principal in the Talbot County School District beginning with the 2002-2003 school year. Huff remained employed there as a principal for the 2003-2004 and 2004-2005 school years.

In March 2005, the district superintendent sent a letter to Huff stating that her employment contract with the Talbot County School District would not be renewed for the 2005-2006 school year. In response, Huff asserted that she was entitled to certain procedural rights under the FDA, including the right to request the reasons for the decision and a hearing before the school board to contest those reasons. The superintendent disagreed and sent Huff a follow-up letter to that effect.

In July 2005, Huff commenced this action against the superintendent of the Talbot County School District and the members of the Talbot County Board of Education in which she alleged that the nonrenewal of her employment contract was done in a manner that violated her procedural rights under the FDA. Huff prayed for a declaratory judgment, a writ of mandamus, and injunctive relief reinstating her to her position and prohibiting the school board from terminating her employment contract. She later amended her complaint to seek back pay and other damages.

The trial court denied Huff's motion for mandamus and a preliminary injunction on the ground that she had adequate rem-

edies at law. Thereafter, the defendants moved for summary judgment, asserting that Huff was not entitled to the procedural rights she claimed under the FDA. The trial court denied the motion. Because the facts relating to the nonrenewal of Huff's employment contract were not in dispute, a bench trial was conducted to determine the appropriate amount of damages. Following the bench trial, the trial court entered judgment in favor of Huff.

1. The defendants contend that the trial court erred in denying their motion for summary judgment because Huff was not entitled to the procedural rights afforded to teachers by the FDA. We agree.

Under the FDA, OCGA §§ 20-2-940 and 20-2-942, certain professional employees of a school district are afforded special procedural rights, commonly referred to as "tenure" rights,[1] when the school district decides not to renew their annual employment contract for a subsequent school year. These procedural rights include the right, upon timely written request by the school employee, to receive written notice of the reasons for the nonrenewal, and the right to a hearing before the local board of education to contest those reasons. OCGA §§ 20-2-940 (b), (e); 20-2-942 (b) (2). The written notice received by the school employee also must contain specific information informing the employee of his or her procedural rights. OCGA § 20-2-942 (b) (2). The issue here is whether Huff was entitled to these procedural rights, which undisputably were not afforded to her upon the nonrenewal of her contract.

The FDA's procedural rights applicable to the nonrenewal of an employment contract are available for a teacher who has accepted a school year contract for the fourth consecutive school year or more from the same local board of education. See OCGA § 20-2-942 (b) (1). Prior to April 7, 1995, a "teacher" was defined broadly under the FDA to include school administrators like high school principals. See OCGA § 20-2-942 (a) (4) (1994). Significantly, however, the General Assembly amended the FDA as of that date to exclude school administrators from the definition of "teacher." See Ga. L. 1995, p. 304, §§ 1-2.[2] Hence, the general rule under the current version of the

---

[1] See generally *Moulder v. Bartow County Bd. of Ed.*, 267 Ga. App. 339, 341 (599 SE2d 495) (2004).

[2] A "teacher" is now defined as "any professional school employee certificated by the Professional Standards Commission, but not including school administrators." OCGA § 20-2-942 (a) (4). A "school administrator" is defined as

any professional school employee certificated by the Professional Standards Commission who is required to hold a leadership certificate and is assigned to a leadership position pursuant to rules of the State Board of Education, Department of Education, Professional Standards Commission, or requirements of local policy or job description.

OCGA § 20-2-942 (a) (1.1).

FDA is that school employees who became school administrators on or after April 7, 1995 are not entitled to the procedural rights afforded teachers with respect to the nonrenewal of their employment contracts. See OCGA § 20-2-942 (c) (1).

At the same time, the General Assembly sought to preserve the expectations of school employees who had obtained procedural rights under the FDA before the statutory scheme excluded school administrators. Accordingly, the General Assembly included a "grandfather" clause in the FDA:

> A teacher who had acquired any rights to continued employment under [OCGA § 20-2-942] prior to April 7, 1995, and who is or becomes a school administrator *without any break in employment with the local board for which the person had been a teacher* shall retain those rights under this Code section to continued employment in the position as teacher with such local board.

(Emphasis supplied.) OCGA § 20-2-942 (c) (2).[3]

It is undisputed that as a high school principal, Huff was a school administrator at the time the superintendent failed to renew her employment contract with the Talbot County School District for the 2005-2006 school year. And it is undisputed that Huff became a school administrator after April 7, 1995. Hence, Huff was entitled to the procedural rights provided by the FDA only if she met the requirements of OCGA § 20-2-942 (c) (2). The uncontroverted record shows that she did not.

By its plain and unambiguous terms, OCGA § 20-2-942 (c) (2) preserves the expectations of a teacher who obtained tenure rights prior to April 7, 1995 and after that date accepted a school administrator position with the same local board of education, so long as no break in employment with that board of education occurred in the interim. But Huff had a break in her employment with the Talbot County Board of Education from 1994 to 1998 when she worked in another school district. Accordingly, as a matter of law Huff did not meet the continuous employment requirement set forth in OCGA § 20-2-942 (c) (2) and thus was not entitled to the procedural rights afforded to teachers by the FDA.

Huff nevertheless argues that she was entitled to procedural rights under OCGA § 20-2-942 (c) (2) because there was no break in employment between the time when she was re-employed as a

---

[3] The FDA also contains a provision addressing the procedural rights of employees who became school administrators prior to April 7, 1995, see OCGA § 20-2-942 (c) (1), but that provision is not at issue here.

teacher by the Talbot County School District for the 1998-1999 school year[4] until the time when she became a school administrator in that same district a few years later. We are unpersuaded. "Words, like people, are judged by the company they keep. *Noscitur a sociis.* The critical phrase thus must be gauged by the words surrounding it." (Citation and punctuation omitted.) *Tuten v. City of Brunswick*, 262 Ga. 399, 401 (2) (b), n. 1 (418 SE2d 367) (1992). The critical phrase "without any break in employment *with the local board for which the person had been a teacher*," when read in the context of the clause preceding it, clearly means that there can be no break in employment with the local board with which the teacher originally obtained tenure rights prior to April 7, 1995. Such a break, however, occurred here.

For these combined reasons, the trial court erred in concluding that Huff was entitled to the procedural rights afforded to teachers by the FDA when a school district fails to renew their employment contracts. We therefore reverse the judgment and remand with the instruction that the trial court enter summary judgment in favor of the defendants.

2. In light of our decision in Division 1, we need not address the defendants' remaining enumeration of error.

*Judgment reversed, and case remanded with instruction. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 2, 2009.

*Harben, Hartley & Hawkins, Brian C. Smith*, for appellants.
*Charles E. Cox, Jr.*, for appellee.

---

[4] The parties agree that an elementary school counselor, the position in which Huff was re-employed, falls within the definition of "teacher" under the FDA. See OCGA § 20-2-942 (a) (4).