A09A1504. COBB v. THE STATE.
(685 SE2d 458)

PHIPPS, Judge.

After a jury trial, William Cobb was convicted of committing numerous sexual offenses against his minor daughters. On appeal, he complains about the admission of similar transaction evidence on the ground that he had been tried and subsequently acquitted of

---

charges that stemmed from the incidents underlying the transactions. Cobb points out that in *Riley v. State*,[1] this court held, "Use of prior similar crimes is prohibited . . . where the first trial resulted in an acquittal and the State is attempting to relitigate an issue found in the defendant's favor at the first trial."[2] Because that case is inapposite and Cobb has otherwise failed to demonstrate that the trial court abused its discretion in allowing the evidence,[3] we affirm.

The similar transactions at issue were the bases of several charges of child molestation and incest involving another of Cobb's daughters and his niece, for which Cobb was tried and convicted.[4] Those convictions, however, were overturned by this court, which further held that Cobb was entitled to a new trial "on grounds of irrelevant and prejudicial evidence infecting the verdict[s]."[5] There was no determination that the evidence was insufficient as to any count.[6]

On appeal, Cobb states that he was not tried again for those charges, but "was afterward acquitted of the charges because [he] filed a speedy trial demand and the State failed to prosecute the case within two terms of court." He cites language in OCGA § 17-7-170 (b):

> If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and *acquitted* of the offense charged in the indictment or accusation.[7]

Cobb argues that because he was thus acquitted of the charges, the state was barred from using the underlying incidents against him as similar transactions in the instant case.

---

[1] 181 Ga. App. 667 (353 SE2d 598) (1987).

[2] Id. at 668 (1) (citation omitted).

[3] See *Kingsley v. State*, 268 Ga. App. 729 (1) (603 SE2d 78) (2004) (a trial court's determination that similar transaction evidence was admissible will not be disturbed absent an abuse of discretion).

[4] *Cobb v. State*, 209 Ga. App. 708 (434 SE2d 513) (1993) (physical precedent only).

[5] Id. at 711 (9).

[6] Id. See generally *Jones v. State*, 272 Ga. 900, 904 (4) (537 SE2d 80) (2000) (when a conviction is reversed due to insufficient evidence to support the verdict, the defendant cannot be retried without violating the Double Jeopardy Clause of the United States Constitution); *Lively v. State*, 262 Ga. 510, 512 (3) (421 SE2d 528) (1992) (where the evidence at the first trial meets the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the case may be retried).

[7] (Emphasis supplied.)

There is no merit in Cobb's argument. The Supreme Court of Georgia has instructed:

> Although some jurisdictions have adopted a per se rule prohibiting any evidentiary use of independent offenses where an acquittal was obtained, this [C]ourt has not. Instead, the application of collateral estoppel requires an examination of what facts were in issue and necessarily resolved in the defendant's favor at the first trial.[8]

Given the circumstances under which Cobb's first case was terminated, it cannot be concluded that the facts in issue were necessarily resolved in Cobb's favor. For that reason, Cobb's reliance upon *Riley* is misplaced.[9] And given the absence of a per se rule prohibiting the evidentiary use of the similar transaction where an acquittal was obtained, Cobb's acquittal pursuant to OCGA § 17-7-170 (b) did not bar the similar transaction evidence.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 21, 2009 

*Jennifer E. Hildebrand*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney*, for appellee.

---

[8] *Salcedo v. State*, 258 Ga. 870 (376 SE2d 360) (1989) (citations and punctuation omitted).
[9] See *Riley*, supra at 668-669 (1) (where appellant had been found not guilty by reason of insanity of the first assault, the state was collaterally estopped from relitigating her intent in that incident).