295 Ga. 89
FINAL COPY

S14A0224.  COBB v. HART.

BENHAM, Justice.

In 2005, Appellant William Cobb was convicted of child molestation and related crimes involving three of his children and sentenced to life in prison plus 140 years.  His conviction was upheld by the Court of Appeals in Cobb v. State, 300 Ga. App. 565 (685 SE2d 458) (2009).  The only issue raised in that appeal was the admission of similar transactions evidence at trial.  In April 2010, Cobb filed a petition for habeas relief, alleging fourteen grounds, including ineffective assistance of appellate counsel.  The habeas court denied relief on all claims. One of the bases of appellant's ineffective assistance claim in the habeas corpus proceeding concerned the admission at trial of the videotaped forensic interview of his daughter H. C. under the child hearsay statute.[1]  We granted appellant's

---

[1] The child hearsay statute applicable at the time of trial in 2005 stated as follows:
> A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

OCGA § 24-3-16.  Effective January 1, 2013, the law governing child hearsay is now codified at OCGA § 24-8-820.

application for a certificate of probable cause as to this videotaped interview,

posing the following questions for appeal:

> (1) Did trial counsel properly preserve any issue relating to the alleged improper admission into evidence at trial of 14-year-old [H. C.]'s videotaped statements to forensic investigators? (2) If so, did the habeas court err in concluding that appellate counsel rendered effective assistance?

For reasons set forth below, we affirm the habeas court's decision to deny

habeas relief as to appellant's claim of ineffective assistance of appellate

counsel.

1. The record shows that trial counsel filed a pretrial motion in limine to

exclude the videotaped forensic interviews of appellant's three daughters,

including H. C.[2] In his motion in limine, appellant opined that all three forensic

interviews were subject to exclusion because:

> [t]he tapes include improper opinion testimony of the interviewer and portray suggestive questions to the alleged victims[;] . . . *[t]he tapes include hearsay that is inadmissable and not subject to the child hearsay exception*[;] . . . [t]he tapes improperly reference [appellant's] previous conviction and incarceration which places his character into issue[;] . . . [and] [t]he tapes improperly demonstrate

---

[2] Appellant's motion in limine also sought to exclude the videotaped forensic interviews of H. C.'s two younger sisters who were five and three years old at the time. This appeal does not concern the videotaped forensic interviews of the two younger sisters.

the interviewers['] opinions that go to the ultimate issues in the case to be decided by the jury.

(Emphasis supplied). The trial court denied the motion in limine. At trial, prior to H. C.'s forensic interview being played to the jury, trial counsel renewed his objection to the videotape based on the grounds alleged in the motion in limine. The trial court denied the oral motion and H. C.'s videotaped forensic interview was played for the jury during the testimony of the forensic investigator. H. C. also testified at trial and was subject to cross-examination by appellant. At the time of the forensic interview, H. C. was fourteen and, at the time of her trial testimony, she was sixteen.

On this record, it appears that trial counsel did generally raise the issue of the alleged improper admission of H. C.'s videotaped forensic interview when he filed his motion in limine and the trial court denied it. See Dasher v. State, 285 Ga. 308 (4) (676 SE2d 181) (2009) (where a pretrial motion in limine is ruled upon by the trial court, the admissibility of evidence in question is preserved for appellate review); Bryant v. State, 271 Ga. 99 (2) (515 SE2d 836) (1999) (admissibility of evidence preserved for appellate review where pretrial motion in limine was denied). While not mentioning H. C.'s age specifically,

3

the motion in limine did state that the videotaped forensic interview was inadmissible hearsay not subject to the child hearsay exception. But see Watts v. State, 246 Ga. App. 367 (3) (a) (541 SE2d 41) (2000), reversed on other grounds by 274 Ga. 373 (552 SE2d 823) (2001) (defendant's general objection to hearsay statements was insufficient to preserve his assertion on appeal that statements admitted under the child hearsay statute lacked sufficient indicia of reliability); Dupree v. State, 206 Ga. App. 4 (1) (424 SE2d 316) (1992). For the purposes of this appeal only, we assume without deciding that trial counsel's filing of the motion in limine preserved for appellate review the admissibility of H. C.'s forensic interview based on her age.

2.     Appellant alleges appellate counsel was deficient and, but for her deficient performance, the outcome of his appeal would have been different had she raised on appeal that H. C.'s videotaped forensic interview was not admissible under the child hearsay statute because she was fourteen at the time the interview took place. See Slade v. State, 287 Ga. App. 34 (1) (651 SE2d 352) (2007) (child hearsay statute applies to children who were under the age of fourteen when the statement was made). It is undisputed that appellate counsel did not raise this specific issue during the motion for new trial

4

proceedings or on direct appeal.[3] At the habeas hearing, appellant did not question appellate counsel regarding this allegation and so there is no record of why appellate counsel did not pursue this specific issue at the motion for new trial stage or on direct appeal. In its order denying habeas relief, the habeas court resolved the allegation by determining the admission of H. C.'s videotaped forensic interview was harmless because it was cumulative of her trial testimony.

Regardless of whether H. C.'s forensic interview was admissible pursuant to the child hearsay statute, the interview was admissible as a prior consistent statement as set forth by this Court in Cuzzort v. State, 254 Ga. 745 (334 SE2d 661) (1985). In Cuzzort, we held a prior consistent statement was admissible where the veracity of the declarant was in issue, the declarant was available for trial under oath, and the declarant was subject to cross-examination. Additionally, in Cowart v. State, 294 Ga. 333 (4) (a) (751 SE2d 399) (2013), we

---

[3] The record shows appellant testified at the motion for new trial hearing that he believed his trial counsel was ineffective for failing to file a motion to suppress H. C.'s videotaped forensic interview on the basis that the statements therein were coerced by the forensic investigator thereby implying that H. C.'s statement lacked sufficient indicia of reliability. In the direct appeal, appellate counsel only raised an issue as to whether the trial court erred in admitting similar transactions evidence, which was evidence unrelated to H. C. At the habeas hearing, appellate counsel testified that she believed the similar transactions issue was the best claim to set forth on appeal.

re-emphasized that for a witness's veracity to be in issue, the prior consistent statement must predate any allegation of recent fabrication by the witness. In this case, H. C.'s veracity was challenged when, on cross-examination, defense counsel posed questions implying that H. C., just before trial, met and colluded with appellant's adult niece, who had testified that appellant molested her as a child, to make their trial testimonies more consistent with each other. Because H. C.'s veracity was in issue, she was available to testify under oath at trial, and because she was subject to cross-examination, her videotaped forensic interview was admissible as a prior consistent statement. Foster v. State, 216 Ga. App. 26 (453 SE2d 482) (1994) (witness testimony about statements made by the 15-year-old molestation victim was admissible under Cuzzort). Since H. C.'s forensic interview was admissible as a prior consistent statement, it would have been fruitless for appellate counsel to raise, at the motion for new trial stage or on direct appeal, any error in admitting the forensic interview under the child hearsay statute based on H. C.'s age. As such, appellate counsel did not render constitutionally ineffective assistance. The habeas court's judgment is affirmed pursuant to the right for any reason rule. Allen v. State, 286 Ga. 273, 277 (687 SE2d 417) (2009).

6

Judgment affirmed.  All the Justices concur.


Decided April 22, 2014.

Habeas corpus. Ware Superior Court. Before Judge Boggs.

Sarah L. Gerwig-Moore, for appellant.

Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.