In the Supreme Court of Georgia

Decided: September 22, 2014

S14A0793. DEKALB COUNTY SCHOOL DISTRICT v. BUTLER.

BENHAM, Justice,

Appellee Yvonne Butler was a principal at a DeKalb County elementary school. On August 13, 2010, appellant DeKalb County School District notified appellee it would be terminating her employment on grounds of (1) incompetency; (2) insubordination; (3) wilful neglect of duties; and (4)for other good and sufficient cause.[1] Appellee was placed on suspension while the charges were pending.[2] A hearing was scheduled pursuant to the Fair Dismissal Act, OCGA § 20-2-940 *et seq.*, but the parties agreed to a continuance and then the hearing never took place.[3] On May 11, 2011, appellant offered appellee, in lieu of termination, a contract for a classroom teaching position for the 2011-

---

[1]Among the reasons appellant was no longer willing to employ appellee as a school administrator was the allegation that while appellee was a principal, she used school funds to purchase books she authored from a company she owned.

[2]Although suspended, appellee received her full contracted salary as a school administrator for the 2010-2011 school year. That contract expired as of June 30, 2011.

[3]It appears from the record that the parties attempted to negotiate a mutual resolution regarding appellee's employment status during the time the hearing was continued.

2012 school year and required that she sign and return the contract before May 19, 2011, if she chose to accept the offer. On May 31, 2011, appellee responded to the May 11 letter by asserting that she had a right to an FDA hearing. In her May 31 response, appellee never indicated she would be accepting the offered position of classroom teacher. On June 30, 2011, upon hiring new counsel, appellee returned the signed teaching contract "under protest." On July 15, 2011, appellant issued appellee a separation notice indicating appellee's employment had ended as of June 30, 2011.

On March 9, 2012, appellee filed the instant mandamus action, requesting an FDA hearing, a name-clearing hearing, and damages for breach of an implied covenant of good faith and fair dealing in regard to the proffered 2011-2012 teaching contract. Both parties moved for summary judgment and the trial court granted and denied in part both parties' motions. The trial court's ruling effectively granted appellee's petition for a writ of mandamus and held that appellee was entitled to an FDA hearing because she was a tenured employee and had been demoted from an administrator to a teacher. In addition, the trial court held that the request for a separate name-clearing hearing was moot as appellee could clear her name at the FDA hearing. Finally, the trial court denied

2

appellee's claim of damages for breach because it found that appellee had not timely accepted the contract to be a classroom teacher for the 2011-2012 school year.

1. On appeal, appellant asserts that appellee was not entitled to an FDA hearing and that the trial court erred when it partially granted appellee's motion for summary judgment and ordered mandamus relief. We agree. The employment rights of public school employees in this state are statutory and are set forth in the FDA. See OCGA § 20-2-940, *et seq*. Prior to April 7, 1995, the FDA defined the word "teacher" broadly so as to include school administrators such as assistant principals and principals. Patrick v. Huff, 296 Ga. App. 343 (1) (674 SE2d 398) (2009). Under the pre-1995 FDA, school administrators could not be removed from their administrative positions without notice and a hearing. See OCGA 20-2-942 (b) (2) (1994). In 1995, the legislature amended the FDA in order to "limit certain rights of school administrators." Ga. Laws 1995, p. 304. The post-1995 FDA provides that any person who becomes a school administrator on or after April 7, 1995, is no longer entitled to FDA procedural protections when faced with the non-renewal of his or her employment contract as a school administrator. Id. at 345-346; OCGA § 20-2-

3

942 (c) (1). The post-1995 FDA defines a school administrator as a professional school employee who: (1) is certificated by the Professional Standards Commission; (2) holds a leadership certificate; and (3) is assigned to a leadership position. OCGA § 20-2-942 (a) (1.1).[4]  As part of the 1995 amendments to the FDA, the legislature included a grandfather clause for those who were tenured teachers as of April 7, 1995, and who later became school administrators:

> A teacher who had acquired any rights to continued employment under this Code section prior to April 7, 1995, and who is or becomes a school administrator without any break in employment with the local board for which the person had been a teacher shall retain those rights under this Code section to continued employment in the position as teacher with such local board.

OCGA § 20-2-942 (c) (2).

Here, the record shows appellee worked as a classroom teacher from 1989 to 1992.  In August 1992, appellee became a school counselor (or, "Lead Teacher for Special Services") and held the position for three years.  According to the affidavit of Dr. Tova Jackson Davis, the Director for Employment Services for the DeKalb County School System, the school counselor position

---

[4]The post-1995 FDA defines a "teacher" as a professional school employee who is certificated by the Professional Standards Commission, but who is not a school administrator. OCGA § 20-2-942 (a) (4).

4

held by appellee did not require a certificate in leadership and appellee did not hold such a certificate when she was assigned to the position in 1992. In July 1993, appellee obtained a conditional certification in administration and supervision.[5] In August 1995, appellee received her renewable certification in administration and supervision and was promoted to assistant principal (or, "Instructional Lead Teacher"), an administrative position which required the renewable leadership certification. In 1998, appellee was promoted to principal and stayed in that position until 2010.

It is appellant's position that it was not required to hold an FDA hearing regarding the non-renewal of appellee's administrative position because appellee did not become a school administrator until after April 7, 1995. The facts show that appellee first obtained a position requiring certification in administration and supervision in August 1995, four months after the amended FDA took effect. For that reason, she had no right to an FDA hearing for the non-renewal of an administrative position. OCGA § 20-2-942 (c) (1) ("A person who first becomes a school administrator on or after April 7, 1995, shall

---

[5]According to affiant Dr. Davis, this was a non-renewable certificate in leadership and required additional course work and experience to become renewable.

not acquire any rights under this Code section to continued employment with respect to any position of school administrator.")

However, since appellee had earned tenure as a teacher prior to April 7, 1995, she was covered by the grandfather clause set forth in OCGA § 20-2-942 (c) (2). That is, at the time of her suspension from the position as principal in 2010, the only right appellee had under the FDA was continued employment as a teacher. Therefore, appellant complied with the FDA when it offered appellee a teaching position for the 2011-2012 school year rather than insisting upon her termination. At that point, the FDA did not require any additional action by appellant. Thus, it was error for the trial court to conclude that appellant was required to hold a demotion hearing pursuant to the FDA in addition to offering appellee continued employment as a teacher.

2. The trial court held that appellee's request for a name-clearing hearing was moot because it reasoned that she could clear her name at the FDA hearing. Since we have concluded appellee is not entitled to an FDA hearing, appellant requests that we revisit the name-clearing issue. The record shows that appellee has a court order requiring the Professional Standards Commission to conduct a hearing on the underlying issues which led to appellant's non-renewal of

6

appellee's contract as a school administrator. As that hearing has yet to be conducted, appellee still has the opportunity to present any name-clearing evidence during that proceeding. Thus, we leave the trial court's ruling on appellee's request for a name-clearing hearing undisturbed pursuant to the right for any reason rule.[6] See <u>Cobb v. Hart</u>, 295 Ga. 89 (2) (757 SE2d 840) (2014).

<u>Judgment affirmed in part and reversed in part. All the Justices concur.</u>

---

[6]Inasmuch as there is no challenge on appeal to the trial court's denial of appellee's claim of damages for breach of an implied covenant of good faith and fair dealing, we likewise do not disturb that ruling.